IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES NEWSOME, | § | |
| TDCJ #1122042, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-0939 |
| | § | |
| KEVIN BROWN, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER ON DISMISSAL

State inmate James Newsome has filed this lawsuit under 42 U.S.C. § 1983, alleging violations of his civil rights.  He proceeds *pro se* and *in forma pauperis*.  At the Court's request, Newsome has submitted an amended complaint and a more definite statement of his claims.  After conducting a preliminary review of the pleadings, the Court concludes that this case must be **dismissed** for reasons set forth below.

## I.   DISCUSSION

James Newsome is presently incarcerated at the Jester IV Unit of the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ").  He sues two correctional officers employed by TDCJ at the Jester IV Unit, including Kevin Brown and Anthony Monroe.  Newsome accuses these officers of giving him a spanking with a "wet floor sign."  Because the officers administered the spanking in front of other inmates, Newsome seeks a monetary award to compensate for damage to his "manhood."  The Court concludes, however, that Newsome's complaint must be dismissed for reasons that follow.

## II.    STANDARD OF REVIEW

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA").  Because the plaintiff is a prisoner who proceeds *in forma pauperis*, the PLRA requires that the district court scrutinize the basis of the complaint and, if appropriate, dismiss the case at any time if the court determines that the complaint "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B); *see also* 42 U.S.C. § 1997e(c) and 28 U.S.C. § 1915A(b).   In conducting that analysis, a prisoner's *pro se* pleadings are reviewed under a less stringent standard than those drafted by attorneys and are entitled to a liberal construction that includes all reasonable inferences which can be drawn from them.  *See Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed.2d 652 (1972); *Alexander v. Ware*, 714 F.2d 416, 419 (5th Cir. 1983).

A complaint "may be dismissed as frivolous if it lacks an arguable basis in law or fact. A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist."  *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).  A review for failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir.) (citing *Moore v. Carwell*, 168 F.3d 234, 236 (5th Cir. 1999) (citation omitted)), *cert. denied*, 537 U.S. 1049 (2002).  Under that standard, courts must assume that the plaintiff's factual allegations are true, and a dismissal is proper only

if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations. *See id.* (citations omitted).

## III.   **DISCUSSION**

The pleadings show that the plaintiff has not exhausted all available administrative remedies before filing suit.  The PLRA prohibits any action by a prisoner in federal court under 42 U.S.C. § 1983 concerning "prison conditions" until "such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  In *Booth v. Churner*, 532 U.S. 731, 741, 121 S. Ct. 1819, 149 L. Ed.2d 958 (2001), the United States Supreme Court held that § 1997e(a) mandates exhaustion of *all* administrative procedures before an inmate can file suit in federal court.  The Fifth Circuit has emphasized that "[q]uibbles about the nature of a prisoner's complaint, the type of remedy sought, and the sufficiency or breadth of prison grievance procedures were laid to rest in *Booth*."  *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).  *See also Porter v. Nussle*, 534 U.S. 516, 122 S. Ct. 983, 152 L. Ed.2d 12 (2002) (holding that the PLRA requires exhaustion of all claims brought by prisoners concerning prison conditions, including those involving the use of excessive force); *Clifford v. Gibbs*, 298 F.3d 328, 330 (5th Cir. 2002) (holding that *Porter* squarely precludes an unexhausted failure-to-protect claim).

The Texas prison system has developed a two-part formal grievance process, both steps of which must be completed before a claim is considered exhausted.  *See Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004); *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).   The Step 1 grievance, which must be filed within fifteen days of the

3

complained-of incident, is handled within the prisoner's facility. *See Johnson*, 358 F.3d at 515. After an adverse decision at Step 1, the prisoner has ten days to file a Step 2 grievance, which is handled at the state level. *See id.*; *see also Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998) (outlining the TDCJ grievance process in more detail).

Newsome concedes that he has not yet exhausted the grievance procedure available at the prison unit. In that regard, Newsome explains that his Step 1 grievance is still under investigation by the Internal Affairs Division. (More Definite Statement, at 2, Docket Entry No. 9). This investigation is not yet complete. By failing to complete the exhaustion process, a prisoner deprives prison administrators of the benefits intended by 42 U.S.C. § 1997e(a). The Supreme Court has recognized that Congress enacted the exhaustion requirement found in § 1997e(a) to allow prison officials the time and the opportunity to investigate and address complaints internally. *Porter*, 534 U.S. at 525; *see also Prieser v. Rodriguez*, 411 U.S. 475, 492, 93 S. Ct. 1827, 36 L. Ed.2d 439 (1973) ("Since [the] internal problems of state prisons involve issues so peculiarly within state authority and expertise, the States have an important interest in not being bypassed in the correction of those problems."). By requiring a prisoner to comply with grievance procedures, prison officials may be able to take corrective action, resolving the grievance without resort to federal court. *Porter*, 534 U.S. at 525. Administrative review further serves to filter out frivolous claims or, in the event of a federal case, allows prison officials the opportunity to develop an administrative record to facilitate adjudication of that case. *See id.*

Exhaustion is mandatory, irrespective of the forms of relief sought and offered

4

through administrative avenues. *Porter*, 534 U.S. at 524; *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003).  As the Fifth Circuit has repeatedly emphasized, this means that a prisoner must exhaust his administrative remedies *before* filing suit.  *See Johnson*, 385 F.3d at 515; *Wendell*, 162 F.3d at 890-91.  The plaintiff admits that he has not completely exhausted his administrative remedies with respect to his claims in this case.  (More Definite Statement, at 2, Docket Entry No. 9).  Because the pleadings confirm that the plaintiff has failed to exhaust available administrative remedies before filing suit in federal court, his complaint must be dismissed.  *See Wright*, 260 F.3d at 359.

## IV.    CONCLUSION

Accordingly, based on the foregoing, the Court **ORDERS** as follows:

1.    The plaintiff's complaint is **DISMISSED** without prejudice for failure to exhaust administrative remedies.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on **June 2, 2005**.

Nancy F. Atlas
United States District Judge